**COURT OF CHANCERY**
OF THE
**STATE OF DELAWARE**

TAMIKA R. MONTGOMERY-REEVES
VICE CHANCELLOR

Leonard L. Williams Justice Center
500 N. King Street, Suite 11400
Wilmington, Delaware 19801-3734

February 16, 2017

Samuel L. Guy, Esq.
1601 Concord Pike
Suite 38C
Wilmington, DE 19899

Steven J. Fineman, Esq.
Blake Rohrbacher, Esq.
Kevin M. Gallagher, Esq.
Richards Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801

RE:    *Samuel L. Guy v. Luke Mette, et al.*
        Civil Action No. 2017-0121-TMR

Dear Counsel:

Today, on February 16, 2017, Plaintiff filed a verified complaint for injunctive relief, a motion for injunctive relief, and a motion to expedite.  Plaintiff requests that the motion to expedite be granted and a hearing to address the motion for injunctive relief be held today in advance of a 6:30 p.m. Wilmington City Council meeting. Plaintiff asserts that Defendants are improperly excluding his Prayer Resolution from the agenda for the meeting and violating his constitutional rights by introducing a competing Universal Prayer resolution.

In December 2016, Councilwoman Shabazz allegedly removed the traditional Invocation and replaced it with a Silent Reflection as part of the City Council Session

Rules. Thereafter, the City Council allegedly has had a Silent Reflection at all subsequent meetings. Plaintiff purportedly announced his intention to introduce a resolution to reinstate Prayer at a February 2, 2017 City Council Meeting. His resolution, however, allegedly has not been approved "as to form," while a separate resolution to establish Universal Prayer at the City Council meetings has been approved and added to tonight's agenda.

This Court does not set matters for an expedited hearing or permit expedited discovery unless there is a showing of good cause why that is necessary.[1] In deciding whether to expedite proceedings, the Court must determine "whether in the circumstances the plaintiff has articulated a sufficiently colorable claim and shown a sufficient possibility of a threatened irreparable injury, as would justify imposing on the defendants and the public the extra (and sometimes substantial) costs of an expedited preliminary injunction proceeding."[2] In order for the Court to grant a motion for expedition, a plaintiff must allege "some imminent circumstance demanding immediate action."[3]

---

[1]  *Raymond Revocable Tr. v. MAT Five LLC*, 2008 WL 2673341, at *2 (Del. Ch. June 26, 2008).

[2]  *Giammargo v. Snapple Beverage Corp.*, 1994 WL 672698, at *2 (Del. Ch. Nov. 15, 1994).

[3]  *Casale v. Bare*, 2009 WL 296262, at *2 (Del. Ch. Jan. 27, 2009).

Plaintiff has not filed a brief in support of his motion for expedited proceedings. Instead, he refers the Court to the complaint, but the complaint does not describe any irreparable harm sufficient to justify a hearing on the merits today. In his motion for injunctive relief, plaintiff states that irreparable harm will occur if this motion is not granted today because "[a]fter this evening there will be no appetite to address this particular issue."[4] Plaintiff offers no explanation for what this means or how it amounts to irreparable harm. Because Plaintiff has not adequately alleged irreparable harm, I need not address the other issues regarding expedition as they relate to the necessity of a hearing in advance of tonight's meeting.

Therefore, I deny the request for a hearing on the merits today and order the parties to confer and establish a case schedule.

**IT IS SO ORDERED.**

Sincerely,

*/s/Tamika Montgomery-Reeves*

Vice Chancellor

TMR/jp

---

[4] Pl.'s Mot. for Injunctive Relief 4.